George Lehner, Pepper, Hamilton & Scheetz, Washington, D.C., for plaintiff.

Mark E. Nagel, Asst. U.S. Atty., Washington, D.C., for defendant.

Kathleen STRANG, Plaintiff,

v.

U.S. ARMS CONTROL & DISARMAMENT AGENCY, Defendant.

Civ. A. No. 86–1057.

United States District Court, District of Columbia.

Oct. 12, 1989.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Defendant's Motion for Summary Judgment, Fed.R.Civ.P. 56, on the issue framed on remand by the Court of Appeal for the District of Columbia Circuit. The issue on remand is whether the Plaintiff obtained all the necessary security clearances to transfer a document to officials of the Government of Japan.[1] *See Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 866 (D.C.Cir.1989).

On September 27, 1989 this Court held an *in camera* hearing in which this Court reviewed the document in issue and received the declaration of Ms. Mary Elizabeth Hoinkes, the ACDA Deputy General Counsel. Moreover, Ms. Hoinkes was present with counsel for the Defendant in this matter in her official capacity to clarify matters for this Court as necessary.

The document at issue that Plaintiff had transferred was a synopsis of information that Plaintiff had drafted from the sources of an agency other than the Defendant. This Court has reviewed the information with Defendant at the *in camera* hearing and finds the information highly sensitive and appropriately classified by the Defen-

---

**1.** The Defendant maintains two documents which state that Plaintiff communicated information to a foreign government without obtaining all necessary approvals from all appropriate persons. Plaintiff contends that she did obtain the necessary authorizations prior to disseminating the information and seeks to amend the Defendant's documents accordingly pursuant to the Privacy Act, 5 U.S.C. § 552a (1982). *See generally Doe v. United States*, 821 F.2d 694 (D.C.Cir.1987) (en banc).

dant and that the document *in toto* had to be properly cleared prior to release. Although Plaintiff contends that she had obtained all of the necessary authorizations to transfer this information, the classified declaration of Ms. Hoinkes which this Court reviewed *in camera* makes clear that Plaintiff not only failed in fact to obtain all of the required clearances but Plaintiff did not even follow the procedures by which she would have learned of the necessary clearances.

Executive Order 12356, 3 C.F.R. 166 (1982), provides that when one executive branch agency receives classified information from another executive branch agency the receiving agency cannot further disseminate that information without the prior consent of the originating agency through the State Department's Bureau of Intelligence and Research. *Id.* at §§ 4.1(d), 4.2. The provisions of E.O. 12356 have been implemented by the Information Security Oversight Office (ISOO) through ISOO Directive No. 1, 32 C.F.R. ch. XX, § 2001 (1988), which provides that when an agency incorporates, paraphrases or restates the classified information that it has received from another agency, the newly created document must contain the same classification as that of the documents the agency has relied upon. *Id.* at § 2001.20. If the creator of the new document believes that such derivative classification of the information is not necessary then that person must consult with the originating agency for an authoritative determination on whether the newly created document should be upgraded, degraded, or declassified. *Id.*

Plaintiff concedes that in the instant case she transferred the information that had been received from another agency without seeking the prior approval of the originating agency or contacting the State Department's Bureau of Intelligence and Research on the ground that the information was already in diplomatic channels. However, Defendant contends that whether the information had been cleared for use in diplomatic channels on prior occasions is irrelevant to whether the information at issue could be released by Plaintiff to the

Government of Japan in the instant case because the applicable clearance procedures must be complied with for *each release* of the information to anyone outside of the agency. Plaintiff has cited no regulatory authority to support her position that once information is cleared for release on one occasion then it can be subsequently used in all other diplomatic channels. Indeed, Plaintiff's position ignores the fact that the originating agency's decision whether or not to clear the release of information may depend precisely upon to whom the receiving agency intends to release the information. To accept Plaintiff's position would undermine the strict regulations established in E.O. 12356 which control the dissemination of classified information outside the executive branch.

Defendant does not challenge Plaintiff's statements that she contacted various ACDA and State Department officials for clearance of the document for release to the Government of Japan. Although these contacts were necessary, there were still other required approvals—identified by Defendant to this Court at the *in camera* hearing—which Plaintiff did not obtain but of which she would have been aware had she communicated with the Bureau of Intelligence and Research.

Accordingly, there is no disputed issue of fact that Plaintiff failed to follow the clearance procedures and obtain the necessary approvals for release of the information to the Japanese Government and it is hereby

ORDERED that Defendant's Motion for Summary Judgment is GRANTED.