Kathleen STRANG, Appellant,

v.

**UNITED STATES ARMS CONTROL AND DISARMAMENT AGENCY.**

No. 89–5441.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 1, 1990.

Decided Nov. 30, 1990.

George A. Lehner, Washington, D.C., for appellant.

Mark E. Nagle, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before BUCKLEY, WILLIAMS and THOMAS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Kathleen Strang asks us to overturn a summary judgment entered against her on the basis of an *ex parte, in camera* hearing, no effort having been made to disclose the government's evidence and positions to her to the greatest extent consistent with any valid government privileges. We reverse.

This is the residue of a much broader lawsuit brought by Strang against her employer, the United States Arms Control and Disarmament Agency. The district court granted summary judgment in favor of the

agency on all the original claims, and we affirmed as to all but one. See *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859 (D.C.Cir.1989) ("*Strang I*"). In the surviving claim, Strang sought relief under the Privacy Act, 5 U.S.C. § 552a(g)(1) (1988), from the agency's refusal to expunge or amend two memoranda stating that she failed to obtain the necessary clearances before giving Japanese officials a document containing sensitive national security information. On this claim, we vacated the district court's grant of summary judgment because the court had relied too heavily on the conclusory statements of agency officials. 864 F.2d at 865–67. Citing the need for "independent, undeferential judicial review," we found that the district court had failed to review the accuracy of the agency's records de novo, as required by the Privacy Act. *Id.* at 866–67; see 5 U.S.C. § 552a(g)(2)(A).

■ On remand, the agency renewed its motion for summary judgment. Joint Appendix ("J.A.") at 25. By way of new evidence it offered only a classified declaration by the agency's Deputy General Counsel, Mary Elizabeth Hoinkes (the "Hoinkes declaration"), which it supplied the judge *in camera*. See J.A. at 27. Strang filed her opposition, in which she complained that without knowledge of the contents of the agency's *in camera* offerings she had "little room ... to offer a meaningful rebuttal." J.A. at 37. The district court then conducted an *in camera* hearing to review the Hoinkes declaration. At the invitation of the court, Hoinkes attended the hearing, accompanied by the agency's General Counsel and the Assistant United States Attorney handling the case; Strang and her counsel were excluded. At the hearing Ms. Hoinkes spoke at length about the agency's investigations of Strang, and the court engaged all three government attorneys in discussion of the merits of the case, at times asking them to clarify and to counter Strang's arguments. *See* Transcript of In–Camera Hearing, *passim.* About two weeks later, without further proceedings or submissions except the agency's response to Strang's opposition, the court entered summary judgment for

the agency. *Strang v. U.S. Arms Control & Disarmament Agency*, 722 F.Supp. 805 (D.D.C.1989). The government later released redacted versions of the Hoinkes declaration and of the transcript of the *in camera* proceeding to Strang and this court, but only after Strang filed her initial brief on appeal. Despite her current Top Secret clearance, see J.A. at 46, Strang still has not seen the uncut versions of the declaration or transcript.

In *Strang I* we noted that if the government's supporting evidence "contain[ed] extremely sensitive information, ... the district court [could] take up [its] offer to present a detailed, classified declaration for in camera review." 864 F.2d at 867. We certainly did not intend, however, to encourage the district court to hold an *ex parte* hearing and then grant summary judgment without disclosing to the plaintiff all of the defendant's evidence that could be disclosed without violating a valid claim of privilege. In fact, we specifically noted that once the issues were sharpened, the court could "then receive evidence *from both sides.*" *Id.* at 866 (emphasis added). Nothing we said qualified our decision in *Abourezk v. Reagan*, 785 F.2d 1043 (D.C. Cir.1986), *aff'd by an equally divided Court*, 484 U.S. 1, 108 S.Ct. 252, 98 L.Ed.2d 1 (1987), where we admonished the district court on remand "to make certain that plaintiffs are accorded access to the decisive evidence to the fullest extent possible, without jeopardizing legitimately raised national security interests." *Id.* at 1060.

Strang's predicament here did not arise from any lack of initiative. On the day of the hearing, September 27, 1989, she served a discovery request on the agency seeking the classified Hoinkes declaration and the transcript of the *in camera* hearing. J.A. at 58. As we have seen, her efforts were to no avail.

■ At oral argument the government suggested that remand was unnecessary because matters already conceded by Strang clearly disable her from making any effective response to the government's supplemental evidence. But Strang claims, in

a manner that does not appear to contradict prior concessions, that she did not violate the clearance procedures discussed by the government and the district court *in camera* because these procedures, as she reads them, do not apply to information culled solely from diplomatic channels. Reply Brief of Appellant at 1–4. Further, a remand is necessary to assess Strang's argument that she and other agency employees were justifiably ignorant of the government's view of the procedural requirements and that her state of mind should be reflected in the agency's records. The Privacy Act allows a plaintiff to seek amendment of agency records as "necessary to assure fairness." 5 U.S.C. § 552a(g)(1)(C); see *Doe v. United States*, 821 F.2d 694 (D.C.Cir.1987) (en banc).

Strang also complains that the district court improperly denied her an opportunity for discovery. By an order dated June 13, 1986, the court granted the agency's motion for a protective order "with respect to the deposition of Mr. Berne Indahl." See Motion for Protective Order filed June 9, 1986; Order filed June 13, 1986. Despite the limited scope of the order, both parties treat it as a district court prohibition of all further discovery in this case (see Brief for Appellant at 20; Brief for Appellee at 14), and we assume the correctness of their assumption. In her opposition to the government's motion for summary judgment, Strang asked that the stay be lifted in the event the court was not persuaded that the then-existing record required denial of the government's motion. She particularly stressed her desire to depose Robert Upchurch, a former State Department official who she said drafted a 1986 memorandum expressing his conclusion that the document Strang passed to Japanese officials was properly cleared. She also proposed to subpoena the Upchurch memorandum from the agency. J.A. at 45–47.

As the district court never ruled on these alternative proposals, we do not pass on them now. In view of the Privacy Act's provision for amendment of files, however, we note that such evidence could be relevant for the purpose of including qualifications as to Strang's state of mind.

Because Strang must be given an opportunity to respond to the agency's submissions and arguments, we vacate the district court's judgment and remand the case.

*So ordered.*